## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| FREEDOM PATENTS LLC, | CIVIL ACTION NO. 4:25-cv-428 |
| Plaintiff, | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| v. | |
| RENESAS ELECTRONICS CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Freedom Patents LLC ("Freedom Patents" or "Plaintiff") files this original complaint against Defendant Renesas Electronics Corporation ("Renesas" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1.      Freedom Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 2325 Oak Alley, Tyler, Texas, 75703.

2.      Renesas Electronics Corporation ("Renesas") is a foreign corporation organized and existing under the laws of Japan with a place of business at Toyosu Foresia, 3-2-24 Toyosu, Koto-ku, Tokyo 135-0061, Japan.

3.      Renesas and its affiliates are part of an interrelated group of companies which together one of the largest manufacturers of integrated circuits for communications, including products under the Renesas brand, and one of the major suppliers of "advanced semiconductor

solutions."0F[1]  Renesas describes itself as a "leader in microcontrollers, analog, power, and SoC products" that "provides comprehensive solutions for a broad range of automotive, industrial, infrastructure, and IoT applications."1F[2]  It further describes itself as a company that "delivers trusted embedded design innovation with complete semiconductor solutions that enable billions of connected, intelligent devices to enhance the way people work and live."2F[3]

4.     Renesas and its affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular. Renesas has over 1,000 U.S. employees and has invested hundreds of millions of dollars in R&D in the United States.

5.     Renesas and its affiliates share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused product lines and products involving related technologies.

6.     Renesas and its affiliates regularly contract with customers regarding products made for or on behalf of those customers.

7.     Thus, Renesas and its affiliates operate as a unitary business venture and are jointly and severally liable for the acts of patent infringement alleged herein.

---

[1] *See Renesas Electronics Announces Company Name Change of Consolidated Subsidiary* (Oct. 27, 2017), www.renesas.com/us/en/about/press-room/renesas-electronics-announces-company-name-change-consolidated-subsidiary.

[2] *Id.*

[3] *See Integrated Device Technology to Start Operations as Renesas Electronics America in January 2020 Following Successful Completion of Integration in US. (Jan. 6, 2020),* www.renesas.com/jp/en/about/press-room/integrated-device-technology-start-operations-renesas-electronics-america-january-2020-following.

## JURISDICTION AND VENUE

8.    This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9.    This Court has personal jurisdiction over Renesas pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Renesas has done and continues to do business in Texas; and (ii) Renesas has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and/or sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein in Texas. In addition, or in the alternative, this Court has personal jurisdiction over Renesas pursuant to Fed. R. Civ. P. 4(k)(2) because: (1) it has substantial contacts with the United States and committed and/or induced acts of patent infringement in the United States; and (2) it is not subject to jurisdiction in any state's courts of general jurisdiction.

10.    Venue is proper in this district as to Renesas, which is organized under the laws of a foreign jurisdiction. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." *See also In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## BACKGROUND

11.    The patents-in-suit generally relate to improvements in wireless communication technology that allow users to communicate over a wireless network.  In particular, the patents

are directed to methods and systems for selecting antennas in multiple-input, multiple-output (MIMO) wireless networks.

12.    The technology of the patents-in-suit was developed by engineers at the Mitsubishi Electric Research Laboratories (MERL), which is the North American arm of Mitsubishi Electric.  MERL was founded in 1991 in Cambridge, Massachusetts, and has been known for its focus on innovation and long-range research.[4]  From its beginning, MERL was focused on pioneering new technologies in various industries, including computer graphics, digital communication, medical imaging, transportation etc.[5]  In the early 2000s, for example, "MERL focused on standardization and developments of new emerging technologies," such as "antenna selection, channel equalization, efficient channel state estimation, and Orthogonal Frequency Division Multiplexing (OFDM)."[6]

13.    The inventions disclosed in the patents-in-suit have been cited during patent prosecution multiple times by electronics companies, including Apple, Broadcom, Cisco, Ericsson, Fujitsu, Hewlett Packard, Hitachi, Huawei, Intel, Kyocera, LG Electronics, Marvell, MediaTek, Motorola Mobility, Nokia, NTT Docomo, Panasonic, Philips, Qualcomm, Siemens, Samsung, Sharp, Sony, Toshiba, and ZTE.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,284,686

14.    On October 9, 2012, United States Patent No. 8,284,686 ("the '686 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention

---

[4] *See* https://www.merl.com/company/history.

[5] *See* https://www.merl.com/public/MERL-30Years.pdf.

[6] *Id*. at 22.

entitled "Antenna/Beam Selection Training in MIMO Wireless LANS with Different Sounding Frames."

15.    Freedom Patents is the owner of the '686 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '686 Patent against infringers, and to collect damages for all relevant times.

16.    Renesas made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Renesas CL8040 Wi-Fi 6 Concurrent Dual Band 4T4R PCIe Chip, and other products[7] that comply with the IEEE 802.11ax-2021 standard and implement MIMO Wi-Fi capabilities ("accused products").



The CL8040 is a high-performing, highly integrated Wi-Fi 6 (802.11ax) R2 single PCIe chip that delivers the best Wi-Fi network performance for its size by combining two Wi-Fi 6 radios into a single 11mm x 11mm PCIe chip. The chip employs two concurrent dual-band Wi-Fi 6 radios with 4T4R architecture that can drive aggregated PHY/data link speeds up to 3Gbps. The two independent radios can function as an access point, client, or as repeater.

CL8040 integrates dual MAC, dual PHY, analog and RFIC in a single package, including the required CPUs and memories to run more of the wireless LAN functions on-chip, eliminating the need for costly external memories. Interface to the host is over a dual-lane PCIe 3.0 interface.



---

[7] *See, e.g.,* CL8080, CL8060, CL8040, CL8066, CL8046, SX-PCEAX-M2, SX-PCEAX-HMC, etc.

**Source:** https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-66e-networking/cl8040-wi-fi-6-concurrent-dual-band-4t4r-pcie-chip?srsltid=AfmBOooM5evI3mI3EMqK9FuKr7lSJJIrS7iQaGYAczHmNbGdpvSi2vK9

# Overview

Description    **Features**    Applications

- Wi-Fi 6 (8O2.11ax) R2
- Concurrent dual-band, dual transceiver
- 4T4R MIMO architecture

**Source:** https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-66e-networking/cl8040-wi-fi-6-concurrent-dual-band-4t4r-pcie-chip?srsltid=AfmBOooM5evI3mI3EMqK9FuKr7lSJJIrS7iQaGYAczHmNbGdpvSi2vK9#tab-features

17.    By doing so, Renesas has directly infringed (literally and/or under the doctrine of equivalents) at least Claims 1 and 21 of the '686 Patent.  *See* Exhibit A.  Renesas' infringement in this regard is ongoing.

18.    The Renesas CL8040 Wi-Fi 6 Concurrent Dual Band 4T4R PCIe Chip is an exemplary accused product.

19.    Renesas has marketed the benefits of 802.11ax, also known as Wi-Fi 6, to its customers, explaining that "Wi-Fi 6 technology brings advancements that result in better efficiency, reduced congestion, lower latency, and longer battery life for end devices."[8]

---

[8] https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-6-6e/what-is-wifi-6e#wi_fi_6e_is_wi_fi_6_extended_to_the_6ghz_band

20.     Renesas directly infringes the '686 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  Renesas also directly infringes the '686 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving sounding packets.  Renesas also directly infringes the '686 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (including certification and testing organizations), and/or its customers and end-users.  Renesas contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  Renesas conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving sounding packets).

21.     Renesas has had knowledge of the '686 Patent at least as of the date when it was notified of the filing of this action.

22.     Freedom Patents has been damaged as a result of the infringing conduct by Renesas alleged above.  Thus, Renesas is liable to Freedom Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23.     Freedom Patents has neither made nor sold unmarked articles that practice the '686 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '686 Patent.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,374,096

24.     On February 12, 2013, United States Patent No. 8,374,096 ("the '096 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method for Selecting Antennas and Beams in MIMO Wireless LANs."

25.     Freedom Patents is the owner of the '096 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '096 Patent against infringers, and to collect damages for all relevant times.

26.     Renesas used products and/or systems including, for example, its Renesas CL8040 Wi-Fi 6 Concurrent Dual Band 4T4R PCIe Chip, and other products[9] that comply with the IEEE 802.11ax-2021 standard and implement MIMO Wi-Fi capabilities ("accused products").

---

[9] *See, e.g.,* CL8080, CL8060, CL8040, CL8066, CL8046, SX-PCEAX-M2, SX-PCEAX-HMC, etc.



**Source:** https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-66e-networking/cl8040-wi-fi-6-concurrent-dual-band-4t4r-pcie-chip?srsltid=AfmBOooM5evI3mI3EMqK9FuKr7lSJJIrS7iQaGYAczHmNbGdpvSi2vK9

# Overview

Description    **Features**    Applications

- Wi-Fi 6 (802.11ax) R2

- Concurrent dual-band, dual transceiver

- 4T4R MIMO architecture

**Source:** https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-66e-networking/cl8040-wi-fi-6-concurrent-dual-band-4t4r-pcie-

chip?srsltid=AfmBOooM5evI3mI3EMqK9FuKr7lSJJIrS7iQaGYAczHmNbGdpvSi2vK9#tab-features

27.     By doing so, Renesas has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '096 Patent.  *See* Exhibit B.  Renesas' infringement in this regard is ongoing.

28.     The Renesas CL8040 Wi-Fi 6 Concurrent Dual Band 4T4R PCIe Chip is an exemplary accused product.

29.     Renesas has marketed the benefits of 802.11ax, also known as Wi-Fi 6, to its customers, explaining that "Wi-Fi 6 technology brings advancements that result in better efficiency, reduced congestion, lower latency, and longer battery life for end devices."[10]

30.     Renesas directly infringes the '096 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  Renesas also directly infringes the '096 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to perform the steps of the claimed invention after, for example, receiving sounding packets.  Renesas also directly infringes the '096 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (including certification and testing organizations), and/or its customers and end-users.  Renesas contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  Renesas conditions these benefits on, for

---

[10] https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-6-6e/what-is-wifi-6e#wi_fi_6e_is_wi_fi_6_extended_to_the_6ghz_band

example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving sounding packets).

31.     Renesas has had knowledge of the '096 Patent at least as of the date when it was notified of the filing of this action.

32.     Freedom Patents has been damaged as a result of the infringing conduct by Renesas alleged above.  Thus, Renesas is liable to Freedom Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33.     Freedom Patents has neither made nor sold unmarked articles that practice the '096 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '096 Patent.

<u>**COUNT III**</u>
<u>**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,514,815**</u>

34.     On August 20, 2013, United States Patent No. 8,514,815 ("the '815 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Training Signals for Selecting Antennas and Beams in MIMO Wireless LANs."

35.     Freedom Patents is the owner of the '815 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '815 Patent against infringers, and to collect damages for all relevant times.

36.     Renesas used products and/or systems including, for example, its Renesas CL8040 Wi-Fi 6 Concurrent Dual Band 4T4R PCIe Chip, and other products[11] that comply with

---

[11] *See, e.g.,* CL8080, CL8060, CL8040, CL8066, CL8046, SX-PCEAX-M2, SX-PCEAX-HMC, etc.

the IEEE 802.11ax-2021 standard and implement MIMO Wi-Fi capabilities ("accused products").



**Source:** https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-66e-networking/cl8040-wi-fi-6-concurrent-dual-band-4t4r-pcie-chip?srsltid=AfmBOooM5evI3mI3EMqK9FuKr7lSJJIrS7iQaGYAczHmNbGdpvSi2vK9

# Overview

Description      **Features**      Applications

- Wi-Fi 6 (802.11ax) R2

- Concurrent dual-band, dual transceiver

- 4T4R MIMO architecture

**Source:** https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-66e-networking/cl8040-wi-fi-6-concurrent-dual-band-4t4r-pcie-chip?srsltid=AfmBOooM5evI3mI3EMqK9FuKr7lSJJIrS7iQaGYAczHmNbGdpvSi2vK9#tab-features

37.      By doing so, Renesas has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '815 Patent.  *See* Exhibit C.  Renesas' infringement in this regard is ongoing.

38.      The Renesas CL8040 Wi-Fi 6 Concurrent Dual Band 4T4R PCIe Chip is an exemplary accused product.

39.      Renesas has marketed the benefits of 802.11ax, also known as Wi-Fi 6, to its customers, explaining that "Wi-Fi 6 technology brings advancements that result in better efficiency, reduced congestion, lower latency, and longer battery life for end devices."[12]

40.      Renesas directly infringes the '815 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products.  Renesas also directly

---

[12] https://www.renesas.com/en/products/wireless-connectivity/wi-fi/wi-fi-6-6e/what-is-wifi-6e#wi_fi_6e_is_wi_fi_6_extended_to_the_6ghz_band

infringes the '815 Patent when the accused products are used after purchase by a customer or end user.  For example, the accused products are built with hardware and/or software components that control the operation of the accused products.  These components cause the accused products to Renesas the steps of the claimed invention after, for example, receiving sounding packets.  Renesas also directly infringes the '815 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (including certification and testing organizations), and/or its customers and end-users.  Renesas contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved wireless communications) from doing so.  Renesas conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., after receiving sounding packets).

41.    Renesas has had knowledge of the '815 Patent at least as of the date when it was notified of the filing of this action.

42.    Freedom Patents has been damaged as a result of the infringing conduct by Renesas alleged above.  Thus, Renesas is liable to Freedom Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.    Freedom Patents has neither made nor sold unmarked articles that practice the '815 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the '815 Patent.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT
## AND PERSONAL JURISDICTION

44.    Renesas has also indirectly infringed the '686 Patent, the '096 Patent, and the '815 Patent by inducing others to directly infringe the '686 Patent, the '096 Patent, and the '815 Patent.

45.    Renesas has induced the end users and/or Renesas' customers to directly infringe (literally and/or under the doctrine of equivalents) the '686 Patent, the '096 Patent, and the '815 Patent by using the accused products.

46.    Renesas took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the '686 Patent, the '096 Patent, and the '815 Patent, including, for example, claims 1 and 21 of the '686 Patent, claim 1 of the '096 Patent, and claim 1 of the '815 Patent.

47.    Such steps by Renesas included, among other things, advising or directing customers, end users, and others (including distributors and equipment services entities) to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.

48.    Renesas performed these steps, which constitute joint and/or induced infringement, with the knowledge of the '686 Patent, the '096 Patent, and the '815 Patent and with the knowledge that the induced acts constitute infringement.

49.    Renesas was and is aware that the normal and customary use of the accused products by Renesas' customers would infringe the '686 Patent, the '096 Patent, and the '815 Patent.  Renesas' inducement is ongoing.

50.     Renesas has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) at least claim 21 of the '686 Patent by importing, selling or offering to sell the accused products.

51.     Renesas has a significant role in placing the accused products in the stream of commerce with the expectation and knowledge that they will be purchased by consumers in Texas and elsewhere in the United States.

52.     Renesas purposefully directs or controls the making of accused products and their shipment to the United States, using established distribution channels, for sale in Texas and elsewhere within the United States.

53.     Renesas purposefully directs or controls the sale of the accused products into established United States distribution channels, including sales to nationwide retailers, wholesalers, distributors, manufacturers, and design laboratories (including, but not limited to, AKI GIBB, Avnet, Chip One Stop, Digi-Key, Earle Associates, Electra Sales, Flip Electronics, Future Electronics, Gibb, Link Technical Sales, Micross, Mouser, Newark, Rochester Electronics, SJ Associates, Sourceability, Sourcengine, and Spirit Electronics).  Renesas' established United States distribution channels include one or more United States based affiliates (e.g., Renesas Electronics America Inc.) and third-parties working on behalf of Renesas.

54.     Renesas' United States based affiliates (e.g., Renesas Electronics America Inc.) operate entirely in support of Renesas and are not free to sell products of Renesas' competitors.

55.     Renesas' United States based affiliates (e.g., Renesas Electronics America Inc.) were formed by Renesas to further its domestic sales of the accused infringing products and are controlled by Renesas to ensure that result.

56.    Renesas purposefully directs or controls the sale of the accused products online and in nationwide retailers and wholesalers, including for sale in Texas and elsewhere in the United States, and expects and intends that the accused products will be so sold.

57.    Renesas purposefully places the accused products—whether by itself or through subsidiaries, affiliates, or third parties—into an international supply chain, knowing that the accused products will be sold in the United States, including Texas.  Therefore, Renesas also facilitates the sale of the accused products in Texas.

58.    Renesas took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringes claim 21 of the '686 Patent.

59.    Such steps by Renesas included, among other things, making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to import, sell, or offer to sell the accused products in an infringing manner.

60.    Renesas performed these steps, which constitute induced infringement, with the knowledge of the '686 Patent, the '096 Patent, and the '815 Patent, and with the knowledge that the induced acts would constitute infringement.

61.    Renesas performed such steps in order to profit from the eventual sale of the accused products in the United States.

62.    Renesas' inducement is ongoing.

63.     Renesas has also indirectly infringed by contributing to the infringement of the '686 Patent, the '096 Patent, and the '815 Patent.  Renesas has contributed to the direct infringement of the '686 Patent, the '096 Patent, and the '815 Patent by the end user of the accused products.

64.     The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '686 Patent, the '096 Patent, and the '815  Patent, including, for example, claims 1 and 21 of the '686 Patent, claim 1 of the '096 Patent, and claim 1 of the '815 Patent.

65.     The special features include, for example, hardware and/or software components especially adapted for transmitting/receiving sounding packets and estimating channel matrices for the selection of antennas in a multiple-input, multiple-output wireless network, used in a manner that infringes the '686 Patent, the '096 Patent, and the '815 Patent.

66.     These special features constitute a material part of the invention of one or more of the claims of the '686 Patent, the '096 Patent, and the '815 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

67.     Renesas' contributory infringement is ongoing.

68.     Renesas has had actual knowledge of the '686 Patent, the '096 Patent, and the '815 Patent at least as of the date when it was notified of the filing of this action.  Since at least that time, Renesas has known the scope of the claims of the '686 Patent, the '096 Patent, and the '815 Patent, the products that practice the '686 Patent, the '096 Patent, and the '815 Patent, and that Freedom Patents is the owner of the '686 Patent, the '096 Patent, and the '815 Patent.

69.     By the time of trial, Renesas will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '686 Patent, the '096 Patent, and the '815 Patent.

70.     Furthermore, Renesas has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Freedom Patents' patent rights. *See, e.g.*, M. Lemley, "Ignoring Patents," 2008 Mich. St. L. Rev. 19 (2008).

71.     Renesas' customers have infringed the '686 Patent, the '096 Patent, and the '815 Patent.  Renesas encouraged its customers' infringement.

72.     Renesas' direct and indirect infringement of the '686 Patent, the '096 Patent, and the '815 Patent has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of Freedom Patents' rights under the patents-in-suit.

73.     Freedom Patents has been damaged as a result of Renesas' infringing conduct alleged above.  Thus, Renesas is liable to Freedom Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Freedom Patents hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Freedom Patents requests that the Court find in its favor and against Renesas, and that the Court grant Freedom Patents the following relief:

a.     Judgment that one or more claims of the '686 Patent, the '096 Patent, and the '815 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Renesas and/or all others acting in concert therewith;

b.      A permanent injunction enjoining Renesas and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '686 Patent, the '096 Patent, and the '815 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '686 Patent, the '096 Patent, and the '815 Patent by such entities;

c.      Judgment that Renesas account for and pay to Freedom Patents all damages to and costs incurred by Freedom Patents because of Renesas' infringing activities and other conduct complained of herein, including an award of all increased damages to which Freedom Patents is entitled under 35 U.S.C. § 284;

d.      That Freedom Patents be granted pre-judgment and post-judgment interest on the damages caused by Renesas' infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Freedom Patents its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.      That Freedom Patents be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: April 24, 2025                      Respectfully submitted,

                                           */s/ Zachariah S. Harrington*
                                           Matthew J. Antonelli
                                           Texas Bar No. 24068432
                                           matt@ahtlawfirm.com
                                           Zachariah S. Harrington
                                           Texas Bar No. 24057886
                                           zac@ahtlawfirm.com
                                           Larry D. Thompson, Jr.
                                           Texas Bar No. 24051428
                                           larry@ahtlawfirm.com
                                           Rehan M. Safiullah
                                           Texas Bar No. 24066017
                                           rehan@ahtlawfirm.com
                                           Hannah D. Price
                                           Texas Bar No. 24116921
                                           hannah@ahtlawfirm.com

                                           ANTONELLI, HARRINGTON
                                           & THOMPSON LLP
                                           4306 Yoakum Blvd., Ste. 450
                                           Houston, TX 77006
                                           (713) 581-3000

                                           Stafford Davis
                                           State Bar No. 24054605
                                           sdavis@stafforddavisfirm.com
                                           Catherine Bartles
                                           Texas Bar No. 24104849
                                           cbartles@stafforddavisfirm.com

                                           THE STAFFORD DAVIS FIRM
                                           815 South Broadway Avenue
                                           Tyler, Texas 75701
                                           (903) 593-7000
                                           (903) 705-7369 fax

                                           *Attorneys for Freedom Patents LLC*